IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MITCHELL GILBERT,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1387 |
| | : | |
| **JDG CHRISTOPHER MALLIOS,** | : | |
| Defendant. | : | |

## MEMORANDUM

**McHUGH, J.**                                                                                             **APRIL 25, 2024**

Currently before the Court is a Complaint filed by Plaintiff Mitchell Gilbert against Judge Christopher Mallios based on Judge Mallios's issuance of a restraining order against Gilbert. Gilbert seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Gilbert leave to proceed *in forma pauperis* and dismiss the Complaint.

### I.    FACTUAL ALLEGATIONS

Mr. Gilbert alleges that the events giving rise to his claims occurred on February 27, 2024 at the family division of the Philadelphia Court of Common Pleas. (Compl. at 3.) On that date, Gilbert was at court for a hearing on a request for a restraining order brought against him by his sister. (*Id.*) Gilbert alleges that Judge Mallios, who presided over the hearing, forced his sister to come to court and issued the restraining order against him even though Gilbert and his sister testified that he did not assault his sister and did not have a gun on him at the relevant time. (*Id.*) Gilbert further alleges that the hearing started late because his sister did not wish to come to court but was forced to do so by Judge Mallios, and that Judge Mallios "told [him] to stop talking and made [him] skip through [his] cross-examination" of his sister. (*Id.*) Mr. Gilbert

also contends that a "strange package" was sent to his home after he investigated how to file charges against Judge Mallios.  (*Id.*)

Based on those allegations, Gilbert filed the instant civil action claiming that Judge Mallios violated certain federal criminal statutes, *i.e.*, 18 U.S.C. § 1519, 18 U.S.C. § 1001, and 18 U.S.C. § 1512.  (Compl. at 2, 3.)  Gilbert claims to have suffered "emotional distress and trauma" as a result of Judge Mallios's actions.  (*Id.* at 4.)  As a result, he seeks damages and removal of the restraining order from his record.  (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Mr. Gilbert leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Additionally, a court may dismiss a complaint based on an affirmative defense when the defense "is apparent on the face of the

complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Gilbert is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

Mr. Gilbert alleges that Judge Mallios violated certain federal criminal laws. However, criminal statutes generally do not give rise to a private cause of action. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). Indeed, courts have found that the criminal statutes cited by Gilbert — 18 U.S.C. § 1519, 18 U.S.C. § 1001, and 18 U.S.C. § 1512 — do not provide for private claims, so Gilbert cannot state a claim based on these statutes. *See Federal Savings & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987) (holding that no private right of action exists under 18 U.S.C. § 1001); *Mathis v. Philadelphia Elec. Co.*, 644 F. App'x 113, 116 (3d Cir. 2016) (*per curiam*) (same); *Jones v. Grill*, No. 21-1846, 2021 WL 1924084, at *4 n.9 (E.D. Pa. May 12, 2021) (no cause of action exists under 18 U.S.C. § 1001 or 18 U.S.C. § 1519); *Palencia v. N. Point Veterans Program-Turning Point*, No. 20-1691, 2020 WL 7059557, at *1 (W.D. Pa. Dec. 2, 2020) ("18 U.S.C. § 1512 is a criminal statute that does not create a private cause of action."); *Antonelli v. Kennedy Hosp.*, No. 17-13780, 2018 WL 443455, at *2 (D.N.J. Jan. 16, 2018) (concluding there is no private right of action under 18 U.S.C. § 1519); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.), *aff'd,* 350 F. App'x 605 (3d Cir. 2009) ("The complaint refers to § 1512 which criminalizes tampering with a witness, victim, or an informant. Plaintiff, however, has no private cause of action for the alleged violation of 18 U.S.C. § 1512.").

To the extent Mr. Gilbert's Complaint can be construed as raising constitutional claims pursuant to 42 U.S.C. § 1983, those claims also fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity extends to § 1983 claims for injunctive relief as well. *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (*per curiam*) (quoting 42 U.S.C. § 1983). Since Mr. Gilbert's claims against Judge Mallios are based on acts the Judge took in his judicial capacity while presiding over a case in which Gilbert was a litigant, Judge Mallios is entitled to absolute judicial immunity from Gilbert's claims.[1]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mr. Gilbert leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim. Leave to amend will not be granted because Gilbert cannot cure the defects in his claims. Gilbert's pending motions and his "petition to reconsider" Judge Mallios's protection from abuse order will be denied.

An Order will be separately entered dismissing this case. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. McHUGH, J.**

---

[1] Gilbert's allegation concerning the "strange package" he received does not appear to fall within the bar of judicial immunity, but this allegation is utterly implausible, in no respect tied to Judge Mallios, nor is it suggestive of any constitutional violation.